Filed 9/19/25  E.W. v. Superior Court CA2/5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| E.W.,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Real Party in Interest. | B347510<br><br>(Los Angeles County Super. Ct. No. 23LJJP00127A) |

ORIGINAL PROCEEDING; petition for extraordinary writ.  Stephanie Davis, Judge.  Petition granted.

Dominika Campbell, Poneh Fetanat, Law Office of Jolene Metzger, for Petitioner.

No appearance for Respondent.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Jane Kwon, Principal Deputy County Counsel, for Real Party in Interest.

Daniel Szrom, Children's Law Center, for minor K.H.

On September 2, 2025, E.W. (father) filed a petition for extraordinary writ after the juvenile court, on July 3, 2025, terminated reunification services and set the matter for a hearing pursuant to Welfare and Institutions Code section 366.26.[1]  He contended there was insufficient evidence to support the court's finding that the Department of Children and Family Services (the Department) provided him with reasonable reunification services.

On September 5, 2025, this court issued an order to show cause and set the matter for oral argument.

On September 11, 2025, the Department, counsel for the minor K.H., and father submitted a joint stipulation for reversal, requesting that this court direct the juvenile court to vacate the findings and orders made at the July 3, 2025, hearing, and enter a new finding that reasonable services were not provided by the Department, order an additional six months of family reunification services for father, and set a subsequent review hearing.  Father, the Department, and K.H. subsequently waived their right to oral argument in this matter.

The parties agree, and we concur, that this case involves reversible error because substantial evidence does not support the juvenile court's July 3, 2025, finding that the Department

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise stated.

2

provided reasonable services to father.  (§ 366.21, subd. (e)(8); see generally *In re Misako R.* (1991) 2 Cal.App.4th 538, 545 [the juvenile court's reasonable services findings are reviewed for substantial evidence].)  Specifically, the record demonstrates that the Department did not make adequate efforts to ensure appropriate services were available to father, directed numerous communications to a facility at which father was no longer detained, and over the course of the reunification period made only sporadic contact with father.  We further agree with the parties that (1) there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal; and (2) the reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement.  (Code Civ. Proc., § 128, subd. (a)(8).)

DISPOSITION

The petition for extraordinary writ is granted.  The juvenile court is directed to vacate its July 3, 2025, orders and issue a new order finding that reasonable services were not offered to father, directing that he be provided an additional six months of services, and setting a subsequent review hearing. Pursuant to the parties' stipulation, the remittitur shall issue forthwith. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

BAKER, J.